IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES RAY ANDREWS, JR, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 3:15-CV-0081-D-BK |
| | § | |
| RICHARD DICK CHENEY, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On January 12, 2015, Plaintiff filed a *pro se* complaint against Defendant Richard Dick Cheney.  [Doc. 1].  The Court granted the motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening.  For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

The complaint reads in its entirety:

He's telling he's having anal sex with my 17 year old son before he takes him to school and smirks and laughs wicked using other people and subliminal messaging.  He also brags about injecting me with steroids & other plagues, brags about withholding owed funds due to me from my old Bank of America Account and social security claiming entitlement out of context and incorrectly with mockery of me.

(Extended complaint) He also illeagally [sic] evicted me from my all bills paid apartment and had my power turned off [and] once stole my mail as well.  Stole all my possesions.

[Doc. 1 at 1].  In the Civil Cover Sheet, Plaintiff states "mockery" as the basis for his claim.

[Doc. 1 at 2].  Regarding the request for relief, he alleges "He knows."  [Doc. 1 at 2].

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

Here, Plaintiff's factual contentions are clearly baseless. His allegations describe fantastic or delusional scenarios that are clearly irrational and incredible. Therefore, Plaintiff's complaint should be dismissed with prejudice as frivolous. *See Mills v. U.S. Government*, No. 3:11-CV-1428-L-BK, 2011 WL 3347919 (N.D. Tex. Jul. 13, 2011), *accepting recommendation*, 2011 WL 3347906 (N.D. Tex. Jul. 29, 2011) (dismissing complaint as factually frivolous because it alleged that unidentified individuals "use[d] technology" nationally and internationally to watch and control him and to commit crimes against him). Moreover, he has stated no facts from which the Court can ascertain that it has jurisdiction.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be summarily **DISMISSED** with prejudice as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B).

SIGNED January 14, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE